IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL M. SWART,

       Plaintiff,

vs.                                                                            No. 01cv0706 MV/JHG

JOANNE B. BARNHART,[1]
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's (Swart's) Motion to Reverse or Remand Administrative Agency Decision, filed June 3, 2001. The Commissioner of Social Security issued a final decision denying Swart's application for Disability Insurance benefits. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds the motion to reverse is not well taken and recommends that it be DENIED.

      Swart, now fifty-two years old, filed his application for disability insurance benefits on November 17, 1998, alleging disability since January 3, 1995, due to shoulder and upper extremity injuries. He has a high school education and past relevant work as a truck driver, retail clerk, and a grocery store assistant manager. The Commissioner denied Swart's application for disability insurance benefits both initially and on reconsideration. On January 12, 2001, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Swart had severe impairments consisting

---

[1] On November 9, 2001, JoAnne B. Barnhart was sworn in as Commissioner of the Social Security Administration. Thus, she is substituted as Defendant in this action.

of shoulder and upper extremity injuries, but these impairments were not severe enough to meet any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1. Tr. 12. As to Swart's credibility, the ALJ opined Swart's allegations regarding his limitations were not totally credible. Tr. 15. The ALJ then found Swart had a residual functional capacity (RFC) "for a slightly restricted range of sedentary work." *Id.* Swart filed a Request for Review of the decision by the Appeals Council. On January 12, 2001, the Appeals Council denied Swart's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Swart seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.

2

20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse, Swart makes the following arguments: (1) the ALJ should not have relied on the medical-vocational grids; (2) the ALJ's finding that he was not disabled is not supported by substantial evidence; (3) the ALJ failed to develop the record as to his mental impairment; (4) the ALJ should have found that he met or equaled a listed impairment; (5) the ALJ failed to satisfy his burden that he had the RFC to perform other jobs; and (6) the ALJ improperly performed the credibility analysis.

Swart contends the ALJ erred in determining he was "employable and not disabled per the SSA's guidelines." Mem. in Supp. of Pl.'s Motion to Remand or Reverse at 4. Swart contends his "claim for disability should not have been subjected to the medical-vocational grid." *Id.* In support of this contention, Swart argues the ALJ erroneously placed him in the "Younger Individual" category rather than the "Closely Approaching Advanced Age" category. However, there is no merit to Swart's claim. The ALJ did not rely on the grids to find Swart was not

disabled. The ALJ's finding that Swart was not disabled was based on the medical evidence and the testimony of the vocational expert (VE). Tr. 14, 333-338. Although the ALJ's finding No. 9 of his January 12, 2001 Decision states "Mr. Swart is a "younger individual" (Tr. 15), Mr. Swart testified at the administrative hearing and stated his age was 50, which the regulations classify as "Closely Approaching Advanced Age." Tr. 321. The VE was present during the administrative hearing. Moreover, the ALJ specifically included Swart's age in his hypothetical to the VE. Tr. 336. Accordingly, Swart's age was taken into consideration by the ALJ and the VE.

The Commissioner notes in her response that, if Swart is arguing that the ALJ should have relied on the Grids and found him disabled as of his fiftieth birthday, the Commissioner contends this argument also fails. Relying on Grid Rule 201.15, the Commissioner contends the ALJ would have found Swart not disabled. Rule 201.15 addresses individuals "closely approaching advanced age" with a high school education and previous work experience that is classified as skilled or semiskilled and possessing skills that are transferable. *See* Pt. 404, Subpt. P, App. 2, Rule 201.15. The VE testified Swart's past relevant work was semiskilled with customer services skills, managing, planning and organizing skills that were transferable. Tr. 337. Swart was 50 years old at the time of the administrative hearing and has a high school education. Accordingly, Rule 201.15 would apply to Swart and a finding of "not disabled" would have been proper.

Swart next argues the ALJ's finding that he was not disabled is not supported by substantial evidence. The Court disagrees. Substantial evidence supports this finding. On December 8, 1998, a Panel consisting of Dr. Barry Diskant, M.D., Claude Gelinas, M.D., and Donald Vichick, M.D. evaluated Swart. Significantly, Dr. Diskant is a Fellow of the American Academy of Disability Evaluating Physicians and Certified, American Academy of Pain

4

Management. Tr. 143. Dr. Gelinas specializes in orthopaedic surgery and Dr. Vichick's speciality is hand surgery. *Id.* The Panel performed an independent medical evaluation and found Swart had "reached maximum medical improvement years ago, and [was] capable of working in the sedentary physical demand category." Tr. 142. Additionally, the Panel found "no evidence that [Swart's] condition is worsening." *Id.* The Panel reviewed Swart's medical records and performed an extensive physical examination. Tr. 125-143.

Notably, in a letter dated February 18, 1999, Dr. Swajian, an osteopath and Swart's treating physician, agreed with the Panel's findings and recommendations. Tr. 254. In 1996, Dr. Swajian opined Swart could return to "the Light physical category" and noted this was "a valid representation of his capabilities." Tr. 263.

On November 10, 1998, Dr. Mark L. Berger, a neurologist, diagnosed Swart's headaches as "compatible with muscle contraction or stress headaches." Tr. 119. Dr. Berger's neurologic examination and MRI scan of the brain "revealed no evidence of neurologic causes." *Id.* As to Swart's complaints of pain throughout both arms and numbness and weakness of the right arm, Dr. Berger had "no clear explanation" because "the neurologic examination revealed no objective signs such as reflex changes, muscle atrophy, or trophic changes." *Id.* Dr. Berger also found the "EMG and nerve conduction studies revealed no evidence for a significant neuropathic process." *Id.* Specifically, Dr. Berger found no evidence for radiculopathy, ulnar neuropathy, median neuropathy, or plexopathy. *Id.* Based on the record as a whole, substantial evidence supports the ALJ's finding that Swart was not disabled and could perform "a slightly restricted range of sedentary work." Tr. 15.

Swart also argues the ALJ should have found he met or equaled the severity of a listed

5

impairment. However, Swart does not specify which listing he meets or equals. Without knowing which listing Swart is referring to, the Court cannot address his argument.

Next Swart contends the ALJ failed to address his mental impairments. Specifically, Swart claims

> There is considerable evidence in [ ] the medical records which suggests that there are aspects of 'psychological' contribution to [his] pain and medical condition. There is also ample evidence that [he] was suffering and continues to suffer from pain because he was on constant pain medication, received regular acupuncture treatments, and was prescribed a TENs unit. However, the ALJ completely disregarded this evidence and did not develop nor consider investigating this issue.

Mem. in Supp. of Pl.'s Mot. to Reverse or Remand at 6-7. "'To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.'" *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986)(quoting *Dumas v. Schweker,* 712 F.2d 1545, 1552 (2d Cir. 1983)). In this case, a specialist in pain management found Swart's level of pain did not preclude all work. On April 8, 1999, Dr. Swajian noted that Swart would benefit from a program for pain management that would incorporate psychological counseling along with TNS units, biofeedback training and acupunture/acupressure to alleviate his pain and discomfort. Tr. 251. The Panel also opined Swart would benefit from a short-term course of psychological-behaviorally oriented treatment. Tr. 142. The Panel recommended six to twelve sessions. *Id.* In addition, the Panel recommended the use of a serotonin reuptake inhibitor and antidepressant. *Id.* Thus, both Swart's treating physician and the Panel considered the psychological component that resulted from his physical impairments. Nonetheless, Swart's physician and the Panel opined he could perform some work. The ALJ considered these experts' opinions, Swart's activities of daily living, Swart's subjective complaints and found Swart's pain was not disabling. Substantial evidence supports this finding.

Swart's argument that the ALJ failed to satisfy his burden of proof that he had the RFC to perform other jobs also fails. Swart relies on the VE's response to his counsel's hypothetical question that eliminated the two jobs the VE testified Swart could perform. However, hypothetical questions to a VE need only include impairments which are supported by substantial evidence. *Ehrhart v. Secretary of Health & Human Servs.,* 969 F.2d 534, 540 (7th Cir. 1992). Only when Swart's counsel added "constant headaches and neck pain" to the hypothetical did the VE opine that claimant could not work. An ALJ is bound only by vocational expert testimony regarding impairments he has accepted as true. *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). In this case, the ALJ properly rejected these complaints based on his credibility assessment and the medical records.

Finally, Swart contends the ALJ improperly performed the credibility analysis. Swart claims the ALJ ignored the evidence indicating he could not function on a daily basis without constant pain and ignored the evidence reflecting the medications and other treatments prescribed to him for the pain. Credibility determinations are peculiarly the province of the finder of fact and will not be upset when supported by substantial evidence. *Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988). The ALJ's credibility determination is linked to substantial evidence and will not be disturbed. For example, in his Decision, the ALJ noted that when Swart complained of pain in his right upper extremity as well as in his left wrist and thumb area in May 1999, Dr. Swajian examined him and found that Swart had good and equal strength of abduction of the fingers and shoulders as well as flexion/extension

of the fingers and wrists. Tr. 13. The ALJ further noted in his Decision that Swart had made "consistent pain complaints to his treating physicians which tend to bolster the credibility of his subjective allegations despite the lack of objective findings." *Id.* However, the ALJ also noted that, because Swart's complaints were not supported by objective findings, "they tended to undermine an assumption that they induced limitations preclusive of the negligible exertional demands of 'sedentary' type work." *Id.* The ALJ then listed the factors he relied on to find Swart's complaints of pain not credible, e.g., Swart's ability to drive for one hour before feeling discomfort, his care of his son, and his ability to walk for exercise. Accordingly, the Court finds the ALJ's credibility determination is supported by substantial evidence.

## **RECOMMENDED DISPOSITION**

The ALJ applied correct legal standards and his decision is supported by substantial evidence. Swart's Motion to Reverse or Remand Administrative Agency Decision, filed June 3, 2002, should be denied and this case dismissed.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.